989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Horace Lee DUNLAP, Defendant-Appellant.
 No. 92-5826.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1993.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, JR., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Horace Lee Dunlap appeals his conviction as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Additionally, counsel for the parties have expressly waived oral argument.
 
 
 2
 The verdict of guilty was entered following a jury trial. Dunlap was sentenced to serve 46 months imprisonment and three years supervised release and to pay a $50.00 special assessment. On appeal, Dunlap argues that the evidence was insufficient to support the conviction.
 
 
 3
 Upon review, we conclude that the appeal lacks merit. After viewing the evidence in a light most favorable to the prosecution, this court finds that a rational trier of fact could have found that the elements of the offense were established beyond a reasonable doubt. See United States v. Powell, 469 U.S. 57, 67 (1984); United States v. Wood, 780 F.2d 555, 557 (6th Cir.) (per curiam), cert. denied, 475 U.S. 1111 (1986).
 
 
 4
 To support a conviction under §§ 922(g)(1) and 924(a)(2), the evidence must be sufficient to satisfy three elements: (1) that defendant was convicted of a felony punishable by imprisonment for more than one year; (2) that following his conviction, defendant knowingly possessed the firearm specified in the indictment, and (3) that the firearm specified in the indictment was shipped in, or affected, interstate or foreign commerce. Dunlap does not challenge the sufficiency of the evidence to satisfy the first and third elements. He rests his appeal on his claim that the evidence is insufficient to show that he possessed the firearm.
 
 
 5
 Evidence as to whether Dunlap possessed a gun was conflicting. A police officer, who had pursued Dunlap as a suspect in a robbery, testified that he had observed Dunlap with a gun in his hand and that he had seen him throw the gun to the ground during the chase. Dunlap's sister testified that she had observed the chase and had not seen a gun in her brother's possession. She further testified that she had seen another individual throw down a gun. Another witness testified that she too had observed someone other than Dunlap discard a gun. A second police officer testified that he had seen the first officer chasing Dunlap and observed a pitching or throwing motion by Dunlap. This witness did not see the object that was pitched or thrown, but recovered a gun from the area. Finally, Dunlap testified; he denied having a gun in his possession or throwing a gun to the ground.
 
 
 6
 On review, the court does not weigh the evidence or determine the credibility of the witnesses. See United States v. Conti, 339 F.2d 10, 13 (6th Cir.1964). If the jury accepted the officers' testimony, that evidence is sufficient to support the conviction. See United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.